PER CURIAM.
Plaintiffs-appellants, the Cabellas, seek review of a final judgment for defendant-appellee, Travelers Indemnity Company, entered upon a directed verdict at the close of all the evidence in a jury trial.
The appellee has cross-assigned as error the order denying its motion to quash an election of a jury trial. We find no merit in this contention of the appellee.
The underlying issue is whether a risk of fire was substantially increased by a city’s declaration of the premises as “untenable.”
The final judgment appealed states that .the defenses of the insurer (that is, concealment and misrepresentation material to the risk involved) were proved by undisputed evidence raising no questions of fact and that the evidence was legally insufficient to be submitted to the jury on the issues presented.
We have examined the record in light of the rule that the movant, on a motion for directed verdict, is deemed to admit all material facts and all inferences of fact reasonably to be drawn from the evidence as a whole. The facts, then, viewed in a light favorable to appellants are that they inherited a run-down, 40 year old building in 1962, located in Titusville. In 1965, when fire insurance was procured, no representations were made by the appellants, and the agent stated that an inspection would be made prior to accepting the risk. In 1967, the building was declared untenable by the city; it was vacated, and the electricity was turned off.
On February 5, 1968, appellee issued a fire insurance policy (it was captioned a new policy, but the parties apparently treated it as a renewal), effective March 1, 1968. An endorsement in the fire insurance policy allowed the building to be vacant. On March 30, the former rooming house was completely destroyed by fire. The appellants then filed a claim and the appellee denied coverage.
*540 The appellants contend that there was no substantial deterioration of the building from 1965, and that there was no change in risk from March 1 to March 20, 1968. Mr. Cabella testified that he only knew that the city wanted repairs to be made on the building. He also asserts that appellee-insurance company knew in 1965 that the building was dilapidated, yet the insurance company issued a fire insurance policy but then denied liability based on the building’s poor condition.
The case of Smith v. Peninsular Insurance Company, Fla.App.1965, 181 So.2d 212, 19 A.L.R.3d 1326 is a case involving the same issues which we face here. Our sister appellate court, at p. 217, stated that not only must there be a “substantial increase or change” in the risk, but the “increase of risk or hazard is question for the jury, unless . * * * reasonable minds cannot differ * * In particular, the appellate court there stated that the trial court correctly “submitted to the jury the issue of whether there had been a material and substantial increase in hazard because of the change of occupancy * * * ” However, the trial court there erred by upsetting the jury verdict by entering a judgment in accordance with a reservation on a motion for directed verdict.
We express the view that reasonable minds could differ as to whether the concealment, if proved, was of facts which substantially and materially increased the risks and of which the insurer had no prior knowledge. Therefore, an entry of a directed verdict was improper because of the existence of questions of material fact which were properly submissible to the jury.
For the reasons stated, and upon the authority of Smith v. Peninsular Insurance Company, Fla.App.1965, 181 So.2d 212, 19 A.L.R.3d 1326, the judgment appealed is reversed and the cause remanded for proceedings Consistent with our decision.
Reversed and remanded.